## WILSON v. PILOTS' ASS'N et al.

(District Court, E. D. South Carolina. May 16, 1893.)

PILOTAGE—NEGLIGENCE—PLEADING.

In a libel for negligent pilotage, it is a sufficient allegation of negligence to aver that the vessel was grounded by the "negligence of the said pilot in the business and calling of the pilotage" of the harbor in question, for, from the nature of the case, the particulars of the negligence cannot usually be known to the libelant, and he must judge only from the result.

In Admiralty. Libel by Samuel P. Wilson, master of the schooner Kate V. Aitken, against the Pilots' Association and others, to recover damages resulting from negligent pilotage. On exceptions to the libel. Overruled.

Bryan & Bryan, for libelant.
Smythe & Lee, for respondents.

SIMONTON, District Judge. The libel is brought by the master of the schooner Aitken against a number of persons, members of an unincorporated association doing business of the pilotage of the bar and harbor of Charleston, and also against the owners of the tug Relief. The allegation is that the persons belonging to said association were copartners together, engaged in and conducting the business of pilotage on that bar and in that harbor, under articles of agreement contained in an exhibit. That the schooner, in February last, arrived off the port of Charleston, and was piloted into that port, and paid the inward pilotage to said association. That, the schooner being ready for sea, and loaded and in every way fitted for the voyage, the association appointed one of its members, S. G. Bringloe, to carry said vessel to sea, and undertook safely to convey said schooner to sea over the bar of Charleston, in consideration of the lawful fees for said pilotage; and that the tug Relief, in consideration of $20 to be paid therefor, contracted to tow the vessel to sea. Then comes the allegation which is excepted to:

"That thereupon, in pursuance of such agreement and undertaking of towage and pilotage, the said pilot S. G. Bringloe took charge of the said schooner about 9 A. M. on 9th March, 1893, in the harbor of Charleston, and at the same time and place the said steam tug Relief, George Ames, master, took the said schooner in tow by hawser leading ahead, and proceeded down the harbor of Charleston, and out by Swash channel, between North and South jetty; and while so proceeding to sea, by the negligence of the said Charleston Pilots' Association and of the said pilot 'in the business and calling of the pilotage of the bar and harbor of Charleston,' and also by the contributory negligence of the owners, master, and crew of the said tug Relief, and by reason also of the insufficiency of the said tug for such service of towage, and not being staunch and strong, and every way fitted and equipped for such undertaking of towage of such vessel to sea, laden, over Charleston bar, the said vessel was grounded on the north side of the said Swash channel, near the entrance to, and inside, the bar of Charleston, and driven on the shoals, and, pounding thereon, sprung a leak, and was imbedded in the sands in sinking, and was wrecked on the shoals and breakers to the north of said Swash channel, where she now lies a total wreck."

To the libel, respondents members of the Pilots' Association file this exception:

"That the only allegations of negligence as to them in the said libel are in the sixth and seventh paragraphs thereof, which charge that the Kate V. Aitken was grounded, while proceeding to sea, by the negligence of the Pilots' Association and of the said S. G. Bringloe, and that the said grounding and sinking was caused by the said pilot; but that these defendants except, because no specific facts or acts of negligence are set out or charged to support the aforesaid allegations, which are mere conclusions of law."

This libel is for a breach of contract. The Pilots' Association is composed of skilled seamen, charged exclusively with the duty of bringing and carrying vessels into and out of the bay and harbor of Charleston. The essence of their contract is that they will do this safely. As breach of this contract, libelant alleges that his vessel grounded on the north side of the channel, near the entrance to, and inside of, the bar of Charleston. This is the cause of action. As an aggravation of damages, and to exclude the idea of any contributing negligence, the libel charges that this was done by the negligence of the Pilot's Association and the pilot "in the business and calling of the pilotage of the bar and harbor of Charleston," and also by the contributing negligence of the tug, and by reason of her inefficiency. The respondent asks that libelant be more specific, and that he state wherein the negligence consisted. The pilot is a man possessed of peculiar knowledge and of exceptional skill. He must not only be fully acquainted with all the channels and their obstructions, but he must be able, in his mind's eye, to know where they are located, precisely. He must also be a skillful navigator, directing the course and controlling the sailing of the vessel. For the time he is, in this respect, in absolute control, and is so identified with the vessel that she is responsible in rem for his acts. The China, 7 Wall. 58. When an accident of the kind charged in this libel occurs, therefore, no one can tell whether it arises from forgetfulness, or want of knowledge, or want of attention, or want of skill. All these causes are concealed in his breast. The cause cannot be ascertained with certainty. To require its allegation in the pleadings would be to require an impossibility. When, then, the libel states the facts, first, of the engagement, then of its acceptance, then of its inception, then of its interruption, and that this was by the negligence of the pilot in his business and calling, the tug contributing, the issue is tendered to the former, and he can meet it. Whether the burden is thrown on him of disproving negligence; whether libelant must prove negligence; whether the burden may be shifted after a certain amount of evidence has been introduced; whether the fact itself speaks,—all these are questions, not of pleading, but of evidence, and are to be made at the trial. The charge that in failing to perform his contract the respondent showed negligence as a pilot, or even that the cause of its nonperformance was his negligence as a pilot, must be sufficient for respondent. He was in the performance of a sworn duty. He knows—no one else can know—whether he fully complied with it.

All that libelant can judge from is the result. He made a contract to be carried to sea safely. In being carried to sea he got aground. He alleges that it was through the negligence of the pilot, aided by the negligence of the tug; that is to say, that these caused it, and he did not. This seems to be enough for the purposes of pleading. The Quickstep, 9 Wall. 670. The mere charge of negligence does not put on respondent the burden of proof. That will be developed as the case goes on. See The Webb, 14 Wall. 414.